# Farmer *v.* Fisher.

*Deed—Recording acts—Unrecorded deed—Mortgage.*

When a grantor who has parted with his title by a deed which has not been recorded, dies, and his heir enters and in good faith without notice mortgages the land, and subsequently the deed is recorded, the mortgage is good against the grantee or his representative.

Argued May 15, 1900. Appeal, No. 168, Jan. T., 1900, by defendants, from judgment of C. P. Lancaster Co., Aug. T., 1899, No. 68, on verdict for plaintiff in case of Jacob Farmer, to use of Samuel B. Nissley, to use of Jacob Rohrer, guardian, now to use of A. G. Hamaker, v. Susanna Fisher and her husband, John K. Fisher, defendants, and Louisa McCauley, terre-tenants, and all other terre-tenants whoever they may be. Before GREEN, C. J., McCOLLUM, MITCHELL, DEAN and MESTREZAT, JJ. Affirmed.

Scire facias sur mortgage. Before LANDIS, J.

LANDIS, J., in an opinion discharging a rule for judgment, non obstante veredicto, stated the facts substantially as follows:

On May 4, 1865, David Fisher conveyed the property now in suit to Elizabeth Fisher, his wife. This deed was not, however, recorded until 1884.

Elizabeth Fisher died in 1878, and her husband, David Fisher, in 1880. They left surviving them one child, Susanna Fisher, who was married to John K. Fisher. Elizabeth Fisher devised part of the land to her daughter in fee and part for life, with remainder to the daughter's children.

On April 1, 1882, Susanna Fisher and John K. Fisher, her husband, mortgaged all of the land to Jacob Farmer, to secure the sum of $2,500, which said mortgage was recorded on April 14, 1882. Subsequently by transfer, this mortgage became vested in A. G. Hamaker, the use plaintiff, and the whole indebtedness still remains unpaid. This mortgage recites that, upon the death of David Fisher, the property described therein descended by virtue of the intestate laws and thus became vested in Susanna Fisher, as his only child. Jacob Farmer, at the time he loaned this money and took the mortgage, did so in good faith. He did not know of the unrecorded deed made by David Fisher to Elizabeth Fisher, his wife.

Susanna Fisher died May 12, 1897, leaving one child, Louisa McCauley. Susanna had paid the interest on the mortgage up to the time of her death, and afterwards her daughter paid it to April 1, 1898. Having failed to make further payments, a scire facias was issued on said mortgage, in which Susanna Fisher and her husband were made defendants, and Louisa McCauley terre-tenant. The sheriff returned this writ nihil habet as to Susanna Fisher and her husband, John K. Fisher, and an acceptance of service by the attorney for Louisa McCauley. An alias scire facias was issued against Susanna Fisher and her husband, John K. Fisher, and Louisa McCauley, administratrix of Susanna Fisher, deceased. To this writ the sheriff also returned nihil habet, and on October 21, 1899, judgment was entered in open court for plaintiff and against the defendants, Susanna Fisher and her husband, John K. Fisher, for want of an appearance, for the sum of $2,725. On September 23, 1899, Louisa McCauley pleaded payment, but on January 11, 1900, her counsel withdrew that plea and entered a special plea that " the mortgage sued upon was not, at the institution of the suit, and never was, a lien upon her land." The case came on for trial,

and on February 6, a verdict was rendered against Louisa Mc-
Cauley, as terre-tenant, for the sum of $2,725, whereupon a rule
was granted for judgment in her favor non obstante veredicto.

*Error assigned* among others was in entering judgment for
plaintiff.

*John E. Malone*, for appellant.—Our contention is that this
mortgage, being from the heir of the grantor and not the
grantor, is not covered by the provisions of the act of 1775.
Acts almost similar to this one have been construed by the ap-
pellate courts of quite a number of states.   In the following
cases the decisions are in favor of the contention of appellant:
Ralls v. Graham, 4 Monroe (Ky.), 120 ; Hancock v. Beverly, 6
Monroe (Ky.), 532 ; Hill v. Meeker, 24 Conn. 211 ; Whitting-
ton v. Wright, 9 Ga. 23 ; Marshall v. Roberts, 18 Minn. 405 ;
Raynor v. Wilson, 6 Hill (N. Y.), 469.

The recording act does not render absolutely void the unre-
corded deed, but only void against subsequent purchasers and
mortgagees for valuable consideration.   The heir takes no in-
terest in the land from the ancestor under the intestate laws,
because the ancestor died possessed of none.   This act, how-
ever, has received quite a different construction in quite a num-
ber of later cases decided in this state : Henry's Lessee v. Mor-
gan, 2 Binn. 497 ; Souder v. Morrow, 33 Pa. 83 ; Fries v. Null,
154 Pa. 573 ; Hetherington v. Clark, 30 Pa. 393 ; Duff v. Pat-
terson, 159 Pa. 312 ; Collins v. Aaron, 162 Pa. 539.

The decision, however, in Davey v. Ruffell, 162 Pa. 443, con-
struing the Act of May 19, 1893, P. L. 108, seems to settle this
contention in favor of appellant.

*Simon P. Eby*, with him *W. U. Hensel*, for appellee.—As
against Farmer's mortgage, the conveyance of David Fisher to
Elizabeth Fisher is null and void : Hetherington v. Clark, 30
Pa. 393 ; Poth v. Anstatt, 4 Watts & Serg. 307; Hulett v.
Mut. Life Ins. Co., 114 Pa. 143.

Susanna Fisher having in this mortgage recited her title un-
der the intestate law and to the exclusion of the conveyance,
the mortgagee had no notice that she or Louisa McCauley
claimed under the conveyance and will : Woods v. Farmere, 7
Watts, 382 ; Bracken v. Miller, 4 Watts & Serg. 102; Powers
v. McFerran, 2 Sergt. & Rawle, 47.

OPINION BY MR. JUSTICE MITCHELL, July 11, 1900:

Stripped of incidental complications which do not affect the substantial question that question is, When a grantor who has parted with his title by a deed which has not been recorded, dies and his heir enters and in good faith without notice mortgages the land, and subsequently the deed is recorded, is the mortgage good against the grantee, or his representative?

That this question must be answered in the affirmative is too clear to admit of any doubt whatever. It is frankly admitted by the learned counsel for appellant that the case is within the mischief intended to be remedied by the act of 1775, 1 Sm. Laws, 422, but it is contended that it is not within the words as construed by this court, and must therefore be regarded as casus omissus.

This contention is founded on the language of Henry's Lessee v. Morgan, 2 Binn. 497, where Chief Justice TILGHMAN, said: " The general expression used therein must be construed so as to accomplish the intent of the act, which was to protect innocent purchasers from suffering by the fraud or negligence of those who had obtained prior conveyances from the same person and omitted to have them recorded," and BRACKENRIDGE, J., in the same case said, " for that (the act of 1775) I take it respects purchasers under the same bargainor or grantor and no other. I understand the words ' subsequent purchaser ' to relate to purchasers from or under the grantor or bargainor before spoken of, and with regard to whose acknowledgment or proof of handwriting provision had been made." Similar language may be found in subsequent cases which have followed this authority. But judicial expressions must always be read in view of the facts of the case in which they are used. The language of Chief Justice TILGHMAN was entirely adequate to cover the question on the facts then before him, but the principle on which he intended to rest the decision is not necessarily to be limited by his literal expression, when it is to be applied to a different state of facts. And the breadth of the principle is apparent from the whole of his language in this connection. The intent of the act, he says, " was to protect innocent purchasers from suffering by the fraud or negligence of those who had obtained prior conveyances from the same person and omitted to have them recorded. If unrecorded deeds of this kind were

to prevail against subsequent purchasers, no human prudence would be sufficient to guard against imposition, because the title submitted to the examination of the last purchaser, independent of the unrecorded deed, would be perfect. But that is not the case when a man purchases under a title totally unconnected with the first deed. He is entitled to no protection because he has placed no faith in the title to which the unrecorded deed relates." If anything further were needed to show the scope of that language, it would be found in the construction given to it at the time by the eminent lawyer who reported it. Mr. Binney's syllabus is, " The recording act of 1775 does not make void an unrecorded deed as against a subsequent purchaser under a title totally unconnected with that deed, but only as against purchasers under the same grantor."

When therefore the cases speak in this connection of deeds from the same grantor, they do not mean necessarily from the same person, but deeds purporting to convey the same title, whether by the grantor, his heir, his heir's grantee or any other person in the devolution of the same line of title. The plaintiff's mortgage having been made by the heir in possession under a title good against everybody but the ancestor's grantee, and the deed to such grantee not having been put on record until after the making of the mortgage in good faith and without notice, the plaintiff is entitled to the protection of the statute. He is not outside the words and is clearly within the intent.

Some question is made upon the regularity of the judgment, but the paper-books differ as to the facts, and as the questions do not affect the ultimate result we do not think it necessary to go behind the statement of the judge in his opinion. Should it be shown to him that part of the land has been released from the lien of the mortgage he will no doubt correct the judgment accordingly, and its affirmance here will not prevent his doing so.

Judgment affirmed.