## Westfall *v.* Washlagel, Appellant.

*Statute of limitations—Act of April 22, 1856, P. L. 532—Adverse possession of real estate.*

Where persons claim real estate under a will and their successors in title have continuously exercised rights of ownership over vacant and unfenced lots for forty-three years, paid the taxes and assessments, for municipal improvements, and filled up the lots to the established grade, they have acquired a good marketable title against a person to whom the testator conveyed the land in his lifetime by a deed which was not recorded until long after the testator's death. The Act of April 22, 1856, P. L. 532, providing for the assertion of a right of entry within thirty years is a bar to any claim under this deed.

Argued March 29, 1901.    Appeal, No. 50, Jan. T., 1901, by defendant, from judgment of C. P. No. 2, Phila. Co., Sept. T., 1900, No. 214, on case stated in suit of John L. Westfall v. Frederick Washlagel. Before MITCHELL, FELL, BROWN, MESTREZAT and POTTER, JJ.    Affirmed.

Case stated to determine the marketable title to real estate.

The material portion of the case stated was as follows:

On April 8, 1851, by deed duly recorded on October 24, 1853, in the office for the recording of deeds, etc., in and for

the city and county of Philadelphia, in deed book T. H., No. 107, page 504, etc. Samuel Sheble, George Russell and John Edgar, trustees of the Franklin Land Association of the county of Philadelphia, conveyed to Mahlon Fowler, inter alia, all those two certain contiguous lots or pieces of ground situate in that part of the city of Philadelphia lately called " The Unincorporated Township of Northern Liberties of the County of Philadelphia," at the southeast corner of Erie avenue and Marshall street, containing in front or breadth on said Erie avenue forty feet, eleven inches and a quarter (the corner lot being twenty feet, five inches and a quarter in front and the eastern lot twenty feet six inches in front), and extending those widths in length or depth southward between lines parallel with the said Marshall street ninety-seven feet, six inches, numbered 629 and 630, on the plan of the Franklin Land Association.

And Oliver S. Fowler and Emma, his wife, and Jacob Crissy and Lydia, his wife, by deed dated April 20, 1872, and duly recorded on May 1, 1872, in the office aforesaid, in deed book J. A. H., No. 234, page 488, granted and conveyed the said premises unto Rachel Brown, in fee, reciting that the aforesaid Mahlon Fowler died seized thereof, having first made and published his last will and testament in writing, bearing date January 31, A. D. 1857, after his decease duly proved on April 2, 1857, and registered in the proper office at Philadelphia, and recorded therein in will book, No. 110, page 397, etc., wherein and whereby he did direct as follows, to wit : " I give and bequeath unto my beloved wife Lydia Fowler all my real estate that I now have or may have hereafter in Pennsylvania or any other state whatever, during her natural life, and all that remains at her decease to go to my son Oliver S. Fowler, his heirs and assigns forever," and that the said Lydia Fowler hath since intermarried with Jacob Crissy.

And the said Rachel Brown, by deed dated February 23, 1874, duly recorded in the office aforesaid on February 24, 1874, in deed book F. T. W., No. 105, page 385, etc., granted and conveyed the first above mentioned (corner) lot, containing in front on the said Erie avenue twenty feet, five inches and one quarter, and extending in depth ninety-seven feet, six inches to Gustavus Gerstley in fee.

And the said Gustavus Gerstley, by deed dated January 23, 1883, duly recorded on January 24, 1883, in the office aforesaid, in deed book J. O'D., No. 79, page 409, etc., granted and conveyed the above mentioned corner lot to the plaintiff, John L. Westfall, in fee.

And the aforesaid Rachel Brown, by deed dated February 23, 1874, duly recorded in the office aforesaid on February 24, 1874, in deed book F. T. W., No. 105, page 383, etc., granted and conveyed the second (eastern) of the aforesaid two lots containing twenty feet, six inches in front on the said Erie avenue, and extending in depth ninety-seven feet, six inches, unto Henry Westfall, in fee.

And the said Henry Westfall, by deed dated April 5, 1884, and duly recorded in the office aforesaid on April 8, 1884, in deed book J. O'D., No. 190, page 202, granted and conveyed the above mentioned eastern lot unto the plaintiff, John L. Westfall, in fee.

After the recording, on May 1, 1872, of the aforesaid deed made by Oliver S. Fowler et al., devisees of the aforesaid Mahlon Fowler, to the aforesaid Rachel Brown, to wit: on August 7, 1873, a deed bearing date November 4, 1853, and purporting to have been made by the aforesaid Mahlon Fowler to one William M. Dickerson, granting and conveying the two lots of ground first above described to the said William M. Dickerson in fee, was recorded in the office aforesaid in deed book F. T. W., No. 65, page 171, etc.

The aforesaid lots are vacant and unfenced, but the plaintiff and his predecessors in title have continuously exercised the rights of ownership, have paid the taxes and for all municipal improvements, and have filled up the lots to the established grade. The aforesaid William M. Dickerson has never exercised any rights of ownership nor claimed any right in or to the said lots or either of them.

In pursuance of the aforesaid written agreement between them, the plaintiff, John L. Westfall, on June 29, 1900, executed and acknowledged a good and sufficient deed for the aforesaid two lots of ground to the said defendant, Frederick Washlagel, and tendered him the same and made demand for the purchase money aforesaid, which the said Frederick Washlagel refused to pay, averring that the said deed did not con-

vey a good and marketable title in fee simple to said lots because of the recording of the aforesaid deed from Mahlon Fowler to William M. Dickerson on August 7, 1873, which was more than fifteen months after the recording of the aforesaid deed from Oliver S. Fowler et al., devisees of the said Mahlon Fowler, to Rachel Brown.

If the court shall be of the opinion that the said deed tendered by the plaintiff, John L. Westfall, to the defendant, Frederick Washlagel, vests in the said Frederick Washlagel a good and marketable title to the aforesaid two lots of ground situate at the southeast corner of Erie avenue and Marshall street, in the city of Philadelphia, containing in front on said Erie avenue forty feet eleven inches and a half, and in depth southward along the said Marshall street ninety-seven feet, six inches, then judgment to be entered for plaintiff in the said sum of $2,600, with interest from June 29, 1900, but if not then judgment to be entered for the defendant. The costs to follow the judgment. Both parties reserve the right to sue out a writ of error or certiorari.

The court entered judgment for plaintiff.

*Error assigned* was in entering judgment for plaintiff.

*Thomas W. Jopson*, for appellant, cited: Duff v. Patterson, 159 Pa. 312.

*Isaac Elwell*, for appellee, was not heard.

OPINION BY MR. JUSTICE BROWN, July 17, 1901:

The alleged cloud on the title of the appellant is a deed from Mahlon Fowler to William M. Dickerson, dated November 4, 1853, and recorded August 7, 1873. On January 31, 1857, Mahlon Fowler made his will, which was admitted to probate April 2, 1857, by the terms of which he devised all his real estate to his wife for life, with the remainder to their son, Oliver, in fee. The widow subsequently remarried, and, on April 20, 1872, she and the son, Oliver, as devisees of the lots in question under the will of Mahlon Fowler, conveyed them to Rachel Brown, through whom the appellee's title comes. Rachel Brown recorded her deed on May 1, 1872, within ten

days of its execution and more than fifteen months before the deed to Dickerson was placed on record. Under this state of facts and the further admission in the case stated that " the aforesaid lots were vacant and unfenced, but the plaintiff and his predecessors in title have continuously exercised the rights of ownership, have paid the taxes and for all municipal improvements, and have filled up the lots to the established grade; the aforesaid William M. Dickerson has never exercised any rights of ownership nor claimed any right in or to the said lots or either of them," the single question is, did Westfall, the appellee, tender Washlagel, the appellant, a marketable title?

An innocent purchaser for a valuable consideration from the heirs or devisees of the grantor of an unrecorded title is protected by the recording act: Farmer v. Fisher, 197 Pa. 114; but the terms of this case stated are silent as to whether Rachel Brown was an innocent purchaser for a valuable consideration, and we cannot, therefore, say that she and her successors in the title were protected by the act of 1775. But the act of April 22, 1856, does protect them from any right of entry in Dickerson, or those who may claim under Fowler's deed to him. That deed was dated November 4, 1853, and, if not then delivered, the presumption is conclusive, in the absence of even a hint in the case stated to the contrary, that it was delivered by the grantor in his lifetime. His death occurred some time between January 1, 1857, the date of the execution of his will, and April 2, 1857, the date of its probate. Forty-three years certainly, and probably more, intervened between the date of the delivery of the deed to Dickerson and that of the sale by the appellee to the appellant, and, by the admission in the case stated, the lots were vacant and unfenced, the plaintiff and his predecessors in title had continuously exercised the rights of ownership, paid the taxes and for all municipal improvements, had filled up the lots to the established grade, and William M. Dickerson had never exercised any rights of ownership, nor claimed any right in or to the lots, or either of them. This is a distinct admission of the continuous exercise of the right of ownership in the lots by the appellee and his predecessors in title back to 1857, when they were devised to Rachel Brown's grantors, and of a failure of Dickerson, during all this intervening period, to assert any right or interest in

them.  The words of the act of 1856 are: "No exception in any act of assembly respecting the limitation of actions in favor of persons non compos mentis, imprisoned, femes covert, or minors, shall extend so as to permit any person to maintain any action for the recovery of any lands or tenements, after thirty years shall have elapsed since the right of entry thereto accrued, to any person within the exceptions aforesaid." Remembering the foregoing, the appellant need feel no apprehension that Dickerson, or any one claiming under his deed from Fowler, can successfully assail the title tendered by the appellee.  It is marketable, and the judgment of the court below, that the appellant pay the purchase money for it, in accordance with his written agreement, was properly entered.

Judgment affirmed.